IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Maurice W. Scott, ) | |
| ) | C/A No. 3:06-3004-MBS-BM |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **O R D E R** |
| Samuel B. Glover; Jodi Gallman, and ) | |
| Kelly Gales, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff Maurice W. Scott brought this action *pro se*, alleging that Defendants Samuel B. Glover, Commissioner of the South Carolina Department of Probation, Parole, and Pardon Services ("SCDPPPS"); Jodi Gallman, Supervising Probation Officer; and Kelly Gales, Probation Officer, violated his constitutional rights by prohibiting him from voting.[1]

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Joseph R. McCrorey for pretrial handling. The Magistrate Judge filed a Report and Recommendation on November 13, 2006 in which he recommended that the complaint be summarily dismissed without prejudice and without issuance and service of process. Report and Recommendation, 3 (Entry 7). Plaintiff filed objections to the Report and Recommendation on November 27, 2006. Objections to the Report (Entry 8).

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court.

---

[1] Plaintiff was convicted of financial fraud in 2004 and was incarcerated for four months at a prison within the South Carolina Department of Corrections ("SCDC"). He was released from SCDC's custody on February 8, 2005. Currently, Plaintiff is on probation under the supervision of SCDPPPS.

1

Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of any portions of the Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

Many of Plaintiff's objections merely reiterate the allegations of his complaint and do not direct the court to a specific error in the Magistrate Judge's proposed finding and recommendations. The court need not conduct a de novo review when a party makes only general and conclusory objections. Orpiano v. Johnson, 687 F.2d 44, 47-48 (4th Cir. 1982). Nevertheless, the court has thoroughly reviewed the record and concurs in the Report and Recommendation of the Magistrate Judge.

S.C. Code Ann. § 7-5-170(1) provides that any person registering to vote must complete a written application; under S.C. Code Ann. § 7-5-170(2), when such person has been "previously convicted" of a crime, he must "affirm that . . . he has served his entire sentence, including probation and parole time, or has received a pardon for the conviction." Plaintiff claims to have fully completed his probation sentence with SCDPPPS by performing one hundred hours of community service in October 2004, but alleges that "his hours recorded was [sic] lost, misplaced, and otherwise not available." Objections to the Report, 2.

Plaintiff's assertions lack merit. To begin with, the community service Plaintiff avers satisfied his sentence occurred before February 8, 2005, the date Plaintiff began the period of probation at issue. Furthermore, Plaintiff has failed to offer any proof of the hours he claims to have worked or that performing community service would fulfill the probation sentence with SCDPPPS.

As such, "Plaintiff has failed to state a claim upon which releif may be granted." Report and Recommendation, 2. As the Magistrate Judge properly noted, "[t]o the extent Plaintiff believes he should not be under supervision, his remedy is in habeas." Id. Accordingly, the court adopts the Report and Recommendation and incorporates it herein by reference. This case is summarily dismissed without prejudice and without issuance of service of process.

**IT IS SO ORDERED.**

                                          /s/ Margaret B. Seymour
                                          Margaret B. Seymour
                                          United States District Judge

Columbia, South Carolina

April 23, 2007

**NOTICE OF RIGHT TO APPEAL**

**Plaintiff is hereby notified that he has the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**

3